UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MILTON ISAAC | CIVIL ACTION |
| VERSUS | NO. 10-4591 |
| BURL CAIN | SECTION C(2) |

ORDER AND REASONS

Before the Court is the State of Louisiana's Motion for Stay of Judgment Pending Appeal. Rec. Doc 30. The Court's judgment requires the state to either retry the petitioner within 180 days of its Order resolving the petition for habeas corpus or to dismiss the charges against petitioner. Rec. Doc. 24. The petitioner has filed no opposition to this motion. The State further advises that it has been unable to contact petitioner's counsel regarding his consent to this motion. As such, the Court will treat the state's motion as opposed. Having considered the record, the law, the State's memoranda, and the defendant's interests, the Court hereby GRANTS the State's requested stay for the reasons that follow.

When a court grants habeas corpus relief, Federal Rule of Appellate Procedure 23(c) presumptively mandates the petitioner's release from custody, even pending an appeal by respondent. The Supreme Court has held that the respondent may overcome this presumption where factors governing the issuance of a stay of a civil judgment "tip the balance" against the petitioner's release. *Hilton v. Braunskill*, 481 U.S. 770, 777, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987). These factors include:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* In addition to, or in conjunction with, these factors, a court is required to "weigh [a petitioner's] liberty interest in release against the [applicant's] interests in continuing custody and preventing [petitioner's] flight, as well as the interest in preventing danger to the public." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 130 S. Ct. 5, 7, 174 L. Ed. 2d 602 (2009); *accord Hilton*, 481 U.S. at 777, 107 S. Ct. at 2119-20.

The Supreme Court has stated that the overall balance of these factors "may depend to a large extent upon determination of the State's prospects of success in its appeal." *Hilton*, 481 U.S. at 778; *see also O'Brien*, 130 S. Ct. at 7 (denying application for stay "principally because of the unlikelihood that certiorari will be granted in this case"). A "strong showing" of likely success on the merits is one that suggests a "fair prospect that a majority of the [reviewing] Court will conclude that the decision below was erroneous." *Id.* at 6. The applicant's prospects of success on appeal need not themselves be "strong" so long as the applicant can demonstrate a "substantial case on the merits" combined with other factors that militate against release. *Hilton*, 481 U.S. at 778, 107 S. Ct. at 2120 (citing *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982); *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982); *Ruiz v. Estelle*, 650 F.2d 555, 565-566 (5th Cir. 1981)). Where, however, the state fails to show even a substantial case, "the preference for release should control." *Id.*

As to the merits of the state's appeal, the Court maintains that the Fourth Circuit's credibility determinations were fatally undermined by their inability to observe the demeanor of the relevant witnesses, such that the Court was required to rely on the trial court's determination of the facts. Rec. Doc. 18 at 10. Nevertheless, the State has marshaled sufficient precedent to create a "fair prospect," albeit marginally, that the appellate court may come to a different

conclusion. Rec. Doc. 30-1 at 3-4.

The Court credits the State's argument that it will suffer prejudice from the possible waste of resources if it is required to prepare for a new trial while simultaneously appealing the Court's ruling. *See Woodfox v. Cain*, 06-789, 2008 WL 5095995 (M.D. La. Nov. 25, 2008). As to petitioner's interest in avoiding the stay, the Court notes that while such interest is "always substantial," *Hilton*, 481 U.S. at 778, 107 S. Ct. at 2120, the petitioner is currently serving lifetime on parole for this conviction, making his interest in prompt release less than that of a prisoner in the state penitentiary.

Turning to the fourth prong - where the interest of the public lies - the Court is not persuaded that the petitioner is a flight risk or that he poses a particular danger to the community. Even so, the Court will order that its opinion and judgment in this matter be stayed pending resolution of the State's appeal in this matter.

Accordingly,

IT IS ORDERED that the State of Louisiana's Motion for Stay of Judgment Pending Appeal is GRANTED. Rec. Doc. 30.

New Orleans, Louisiana, this 5th day of February, 2014

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**